Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST ADVANCED PLASTIC SURGERY,<br><br>*Plaintiff,*<br><br>v.<br><br>AETNA INC., et al.,<br><br>*Defendants.* | Civil Action No. 18-9429<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendant Aetna Life Insurance Company's ("Aetna")[1] motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 9. Plaintiff East Coast Advanced Plastic Surgery filed a brief in opposition (D.E. 10) to which Defendant replied (D.E. 11).[2] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

---

[1] The Amended Complaint names Aetna Insurance Company as a Defendant in this matter. In its brief, Aetna states that Aetna Insurance Company is a non-existent entity and that Aetna Life Insurance Company is the proper entity. Def. Br. at i n. 1.

[2] Defendant's brief in support of its motion (D.E. 9-1) will be referred to as "Def. Br."; Plaintiff's opposition (D.E. 10) will be referred to as "Plf. Opp."; and Defendant's reply (D.E. 11) will be referred to as "Def. Reply."

I. **FACTUAL[3] AND PROCEDURAL BACKGROUND**

Plaintiff, a healthcare services provider in New Jersey, brings this suit to recover payments it incurred when it provided necessary medical services to patient "NA." NA received medical benefits through Aetna and the terms of her Aetna plan were governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Am. Compl. ¶¶ 1, 5, 7-8; Decl. of John Privet ("Privet Decl.") Ex. 1 at 124 (D.E. 9-3). Plaintiff was an out-of-network provider for Aetna under the plan. Am. Compl. ¶ 8. Prior to performing the relevant surgery, Plaintiff requested and received written preauthorization for the medical services from Aetna. *Id.* ¶¶ 10-11. Plaintiff alleges that through the preauthorization letter, Aetna agreed to pay Plaintiff the usual and customary rate for the procedure. *Id.* ¶¶ 31-32. Accordingly, after the surgery, Plaintiff billed Aetna for $674,641, which it contends is the usual and customary charge for the complex surgery. Aetna, however, paid Plaintiff a total of $147,743.15. *Id.* ¶¶ 25-26. Plaintiff contends that Aetna grossly underpaid and now seeks to recover the balance from Aetna. *Id.* ¶ 27.

The parties agree that Aetna granted preauthorization for the surgical procedures at issue. Plaintiff alleges that in issuing the preauthorization, Aetna "agreed to pay the usual and customary rates for the medical services provided by the Plaintiff." *Id.* ¶ 31. Plaintiff refers to the preauthorization letter in the Amended Complaint, *id.* ¶ 11, but did not attach a copy of the letter. Defendant, however, did provide a copy of the letter with its motion to dismiss. D.E. 9-4. The

---

[3] The factual background is taken from Plaintiff's Amended Complaint (the "Am. Compl."). D.E. 16. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court may also consider any document integral to or relied upon in the Complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, Aetna maintains that in deciding this motion, the Court can rely on the plan document and the preauthorization letter Plaintiff received from Aetna. Def. Br. at 8-9. Plaintiff does not appear to disagree. Accordingly, the Court will consider both documents as they are relied upon in the Amended Complaint.

2

October 21, 2015 letter does provide preauthorization for a number of services. *Id.* Critically, however, the letter nowhere indicates that Aetna will pay the usual and customary fees of Plaintiff. *Id.* Instead, the preauthorization letter indicates that if certain criteria are not satisfied, then Aetna may not pay "benefits[.]" *See, e.g., id.* at 5 ("This coverage approval is NOT effective and benefits may not be paid if . . . ."). In addition, Aetna indicated that it may not pay benefits if NA "has exceeded any applicable benefit maximums under the plan[.]" *Id.* at 6. The preauthorization letter goes on to state that "[r]eimbursement will be based on standard coding and bundling logic and mutually agreed upon contracted or negotiated rates, subject to any and all copays or coinsurance requirements." *Id.* As to out-of-network providers, which Plaintiff admittedly is, the preauthorization letter adds the following:

> **Member Out-of-Network Information: If you Receive Your Care From an Out-of-Network Provider:**
>
> Your plan has out-of-network benefits. If you use out-of-network providers, here's what you should know:
>
> We may process your claims as "out-of-network" or "non-preferred." And, you may have to pay:
>
> • Higher copayments
> • Deductibles
> • Coinsurance
> • *Any provider charges above what we cover (these costs may be high)*

*Id.* (first emphasis in original, second emphasis added)

Plaintiff filed suit in the Superior Court of New Jersey on March 30, 2018 asserting four state-law based claims against Aetna. D.E. 1-1. Defendant removed the matter to this Court on May 18, 2018 on the basis of diversity jurisdiction (D.E. 1) and then filed a motion to dismiss (D.E. 3). Plaintiff subsequently filed the Amended Complaint that in addition to the four state-law claims, asserts three new claims pursuant to ERISA. Am. Compl. ¶¶ 53-82, D.E. 7. On July

26, 2018, Defendant filed the instant motion, which seeks to dismiss the Amended Complaint in its entirety. D.E. 9.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

### 1. State Law Claims (Counts I through IV)

Aetna argues that Plaintiff's state law claims are expressly preempted by Section 514(a) of ERISA and therefore must be dismissed.[4] Def. Br. at 12-16. Section 514(a) provides that generally "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This express preemption clause has been interpreted broadly in light of the legislative purpose in establishing ERISA as the exclusive means of obtaining a legal remedy related to an employee benefit plan. *See Estate of Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461, 467 (D.N.J. 2015).

"State law" is statutorily defined as "all laws, decisions, rules, regulations, or State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). "State common law claims fall within this definition." *Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield of N.J.*, No. 17-8697, 2018 WL 2441770, at *3 (D.N.J. May 31, 2018) (quoting *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012)). And a state law "relates to" a benefit plan "'if it has a connection with or reference to such a plan.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). Therefore, a state law claim

---

[4] The term "preemption" under ERISA "is used in the law in more than one sense." *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-4525, 2017 WL 685101, at *3 (D.N.J. Feb. 21, 2017) (quoting *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999)). "The two forms of ERISA preemption are 'complete preemption' under Section 502(a) and 'ordinary preemption' under Section 514(a)." *Id.* Plaintiff appears to confuse the two preemption doctrines; it argues that its claims are not preempted under Section 502(a) of ERISA, which is not raised by Defendant, and fails to address ordinary preemption under Section 514(a). Plf. Opp. at 2-6. Moreover, Plaintiff repeatedly argues that this matter should be remanded because there is not complete preemption under Section 502(a). This is a red herring as this matter was removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal ¶¶ 2-9.

5

relates to an employee benefit plan if "the existence of an ERISA plan [is] a critical factor in establishing liability" and the "court's inquiry would be directed to the plan." *1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992).

Plaintiff asserts claims for breach of contract, promissory estoppel, account stated, and quantum meruit. In addition, each of Plaintiff's state law claims is premised on the argument that by providing Plaintiff with preauthorization for the medically necessary procedures, Aetna agreed to pay Plaintiff the usual and customary rate. *See, e.g.*, Am. Compl. ¶¶ 31-33.

However, while Plaintiff alleges that Aetna promised to pay Plaintiff's usual and customary rate, this allegation is undercut by the actual preauthorization letter. The letter nowhere mentions Plaintiff's usual and customary rate. Instead, the preauthorization refers to NA's benefits under her plan and provides numerous warnings, including that NA may be responsible for paying out-of-network providers' charges not covered by Aetna. The preauthorization letter adds that these charges may be "high." Because the preauthorization letter's terms contradict Plaintiff's allegations, the letter controls. *See, e.g., Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994)).

Because the preauthorization letter controls, it is clear that the Court would be required the reference NA's plan to decide any of Plaintiff's state law claims. Consequently, Plaintiff's state law claims clearly relate to the ERISA plan. *See Atl. Shore Surgical Assocs.*, 2018 WL 2441770, at *5. Counts I through IV, therefore, are expressly preempted by Section 514(a) and are dismissed.[5]

---

[5] Because Plaintiff's state law claims are expressly preempted, the Court need not address Defendant's remaining argument that the state law claims are legally deficient. Def. Br. at 17-21.

### 2. ERISA Claims (Counts V through VII)

Defendant contends that Plaintiff's ERISA claims must also be dismissed because Plaintiff lacks standing to bring such claims.[6] Def. Br. at 9-11. Generally, only a participant or beneficiary under the plan has standing to bring an ERISA claim. 29 U.S.C. § 1132(a)(1). A healthcare provider such as Plaintiff is neither a participant nor a beneficiary. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A healthcare provider, however, may have standing to assert an ERISA claim if there is a valid assignment of benefits. *See Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018) (citing *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)). Here, the plan contains an anti-assignment clause.[7] *See* Privet Decl. Ex. 1 at 88. Moreover, in the opposition brief, Plaintiff acknowledges that NA's Plan contains an anti-assignment clause and concedes that it lacks standing to assert any ERISA claims. Plf. Opp. at 5; *see also Am. Orthopedic & Sports Med.*, 890 F.3d at 455 (concluding that "anti-enforcement clauses in ERISA-governed health insurance plans are generally enforceable"). Accordingly, Counts V through VII are dismissed.

### IV. CONCLUSION

---

[6] Although brought as a motion to dismiss for failure to state a claim, a motion to dismiss for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). For purposes of the present motion, however, this difference is immaterial because when standing is challenged on the basis of the pleadings, courts apply the same standard of review as a Rule 12(b)(6) motion to dismiss. *Id.*

[7] In the Amended Complaint, Plaintiff pleads that it has "standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient." Am. Compl. ¶ 56. As discussed, however, the plan is an integral document that may be considered at the motion to dismiss stage. And again, when a document and the factual allegations contradict, the document controls. *See Goldenberg*, 741 F. Supp. 2d at 624 (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994)).

For the reasons stated above, Defendant's motion to dismiss (D.E. 9) is **GRANTED**. Because any amendment concerning the ERISA claims would be futile, Counts V through VII are dismissed with prejudice. *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000) (stating that a court must grant leave to amend a complaint absent evidence that amendment would be futile or inequitable). While the Court has real concerns that any attempted amendment of the state law claims would likewise be futile, it will nevertheless provide Plaintiff with an opportunity to amend those claims. As a result, Counts I through IV are dismissed without prejudice, and Plaintiff is granted leave to file a second amended complaint addressing the deficiencies noted herein. If Plaintiff does not file a second amended complaint within thirty (30) days, then Counts I through IV will also be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 23, 2019

John Michael Vazquez, U.S.D.J.